FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 0 2 2017

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Matthew F. Duggan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JANNEL PRICHA MARY ROBERTSON,

        Defendant.

2:16-CR-00163-TOR

*Pretrial Diversion Agreement*

    Plaintiff United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Matthew F. Duggan, Assistant United States Attorney for the Eastern District of Washington, as well as Defendant JANNEL PRICHA MARY ROBERTSON, and John Stephen Roberts, Jr., counsel for Defendant JANNEL PRICHA MARY ROBERTSON, agree to the following Pretrial Diversion Agreement:

### I.    Overview

1. It is alleged by an Indictment returned by the Grand Jury on December 7, 2016, in Cause Number 2:16-CR-00163-TOR that JANNEL PRICHA MARY ROBERTSON committed the following offense against the United States in the Eastern District of Washington: On or about September 28, 2016, JANEL PRICHA MARY ROBERTSON, a citizen and national of Canada, who had theretofore been denied admission, excluded, deported and

Robertson Pretrial Diversion Agreement - 1

removed from the United States, on or about September 26, 2016, at Blaine, Washington, was found in the United States in Okanagon County, in the Eastern District of Washington, and she then did not have the express consent of the Attorney General, or the Attorney General's successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 101, 202(3) & (4), 402 and 557), to reapply for admission into the United States, all in violation of 8 U.S.C. § 1326.

2. The United States investigated Ms. Robertson's background, as well as the offense circumstances and, in the interests of justice, agrees to resolve this matter by pretrial diversion.

3. On the authority from the Attorney General of the United States, through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the offense alleged in the Indictment shall be deferred for 12 months. This 12-month period begins on the date this Agreement is signed by both the parties and accepted by the Court.

4. This Agreement is not intended—and shall not be construed—as a liability admission by any party.

5. The parties agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter on 1) whether a party breached this Agreement and, if so, 2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's 12-month period by an additional twelve (12) months (for a maximum of 24 months).

## II.    Terms

JANNEL PRICHA MARY ROBERTSON agrees to the following terms:

1. **Supervision.** Ms. Robertson agrees to be supervised by the United States Probation Office during this 12-month period (or longer, if the period is

extended by the Court). Ms. Robertson's supervision terms include the following:

  a. Ms. Robertson shall not enter the United States absent the express consent of the Attorney General, or the Attorney General's successor, the Secretary of the Department of Homeland Security.

  b. Ms. Robertson shall not violate any federal, state, or local law (this does not apply to civil infractions such as speeding).

  c. If Ms. Robertson is arrested or has any official contact with a law enforcement officer in a civil or criminal investigative capacity, she shall notify her supervising diversion officer within two (2) business days.

  d. Ms. Robertson shall be employed regularly at a lawful occupation. When out of work, she shall notify her diversion supervisor. In the event she is self-employed, she shall provide evidence of said self-employment.

  e. Ms. Robertson shall report in the manner directed by her diversion supervisor, to include telephonic and electronic communication,[1] to her supervising diversion officer as directed, and keep him/her informed of her residence location. Any failure to abide by the reporting requirements established by the diversion supervisor will be deemed to be an irrevocable violation of the instant Agreement.

  f. Ms. Robertson shall not possess, control and/or consume any controlled substance, which includes marijuana, or items commonly used for the consumption of such substances (drug paraphernalia).

2. **Tolling.** Ms. Robertson agrees to toll the running of all applicable statutes of limitations for the offense alleged in the Indictment. This tolling shall run

---

[1] Nothing in this Pretrial Diversion Agreement grants any rights to reenter the United States.

Robertson Pretrial Diversion Agreement - 3

from the date this Agreement is signed by all parties until the Agreement expires or is terminated by the Court. Ms. Robertson agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the time period that the Agreement is in effect.

3. **Speedy Trial.** Ms. Robertson acknowledges that she enjoys speedy trial rights under both the Sixth Amendment to the United States Constitution and 18 U.S.C. § 3161. Ms. Robertson agrees that she will neither move the Court to dismiss any charges nor assert any defenses based on speedy trial violations while prosecution is deferred under this Agreement. Ms. Robertson further agrees that if this Agreement is terminated by the Court and the United States resumes prosecuting her for the offense alleged in the Indictment, any delays stemming from this Agreement are requested by her, and these delays are reasonable, necessary, and in the interest of justice. *See* 18 U.S.C. § 3161(h)(2).

4. **Breach.** If, after a hearing, the Court terminates the Agreement based on a breach by Ms. Robertson, then the United States may resume its prosecution against Ms. Robertson for any available charges, to include improper entry by an alien, in violation of 18 U.S.C. § 1325, and reentry of a removed alien, in violation of 8 U.S.C. § 1326.

The United States agrees to the following terms:

1. **Inadmissibility of Pretrial Diversion in Prosecution.** Should either party fail to abide by the terms in this Agreement and this case resumes on a "trial track," the United States agrees that neither this Agreement nor any other documents filed as a result of Ms. Robertson's participation in a pretrial diversion program, shall be used against her in connection with any prosecution based on the offense alleged in the Indictment.

Robertson Pretrial Diversion Agreement - 4

2. **Defer Prosecution.** The United States agrees to defer prosecuting the above-captioned matter for 12 months (or up to 24 months, if the Agreement is extended). If Ms. Robertson completes this Agreement (even if there are modifications or extensions), then the United States will dismiss the Indictment with prejudice. In addition, if Ms. Robertson completes this Agreement, then the United States will not charge Ms. Robertson with any other offenses stemming from the conduct set forth in the Indictment.

I hereby state that the above has been read by me. I understand the conditions of my pre-trial diversion and agree that I will comply with them.

_____   2/2/2017
JANNEL PRICHA MARY ROBERTSON   Date

_____   2/2/17
John Stephen Roberts, Jr.   Date
Counsel for JANNEL PRICHA MARY ROBERTSON

_____   2-2-17
Matthew F. Duggan   Date
Assistant United States Attorney

Approved without passing judgment on the merits or wisdom of this diversion.

_____   2-2-2017
Chief Judge Thomas O. Rice   Date
United States District Judge

Robertson Pretrial Diversion Agreement - 5